# THE METROPOLITAN RAILROAD COMPANY

*v.*

## CHURCH.

JUSTICES OF THE PEACE.

An order of the court below quashing a writ of *certiorari* to a justice of the peace to prevent the empaneling of a jury in a cause pending before him, *affirmed; following* Hof v. Capital Traction Company, 10 App. D. C. 205.

No. 674. Submitted April 28, 1897. Decided April 29, 1897.

HEARING on an appeal from an order quashing a writ of *certiorari* issued to a justice of the peace. *Affirmed.*

*Mr. Nathaniel Wilson* and *Mr. D. W. Baker* for the appellant.

*Mr. E. L. Schmidt* and *Mr. Walter C. Clephane* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from an order of the Supreme Court of the District of Columbia, quashing a writ of *certiorari* that had been issued by that court to a justice of the peace to prevent the empaneling of a jury in a cause pending before him.

The facts and circumstances of the case do not differ substantially from those of the case of *Hof* v. *The Capital Traction Company*, 10 App. D. C. 205. The question, perhaps, is here more distinctly and specifically raised of the unconstitutionality of the act of Congress of March 1, 1823 (3 Stat. 743), so far as it authorizes justices of the peace to summon juries in causes pending before them, as well as the unconstitutionality in the same regard of all the subsequent legislation of Congress enlarging the jurisdiction of

justices of the peace. But there is otherwise no difference. We sustained in the case of *Hof* v. *The Capital Traction Company* the constitutionality of the enactments in question; and we adhere to that decision. Upon the authority of it, we *affirm, with costs, the order of the Supreme Court of the District of Columbia in the present case, which seems to have been rendered in pursuance of our former decision. And it is so ordered.*

For the reasons assigned by him in his dissenting opinion filed in the case of *Hof* v. *The Capital Traction Company,* the CHIEF JUSTICE concurs in the conclusion reached by the majority of the court, while still dissenting from the reasoning by which that conclusion has been reached.